F. O. STATLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVE-
NUE, RESPONDENT.

Docket No. 59979.    Promulgated December 15, 1932.

*E. S. Elliott, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

MORRIS: The respondent filed a motion in the above entitled proceeding on June 7, 1932, for judgment on the pleadings, which was called for hearing on September 21, 1932, when both parties, by their

counsel, were heard in argument upon said motion, and upon the further oral motion of counsel for the respondent that the proceeding be dismissed for want of jurisdiction. The grounds for those motions will be set forth after a brief discussion of the salient facts bearing upon the questions presented thereby.

A deficiency notice was mailed to the petitioner herein on July 21, 1931, setting forth deficiencies in income tax of $17,700.06, and $3,133.10 for the taxable years 1927 and 1928, respectively, together with fraud penalties for the said two years aggregating $10,416.58, whereupon there was filed with this Board, on September 19, 1931, the following telegraphic communication from the petitioner:

WISH TO APPEAL AGAINST ASSESSMENT SIXTY DAY LETTER COMMISSIONER DATED JULY TWENTY FIRST SYMBOLS ITEAJ COP SEVENTEEN THREE SIXTY FIVE YEARS NINETEEN TWENTY SEVEN AND EIGHT AMOUNT CLAIMED TWENTY THOUSAND EIGHT THIRTY THREE SIXTEEN CENTS AGREE CORRECT BUT CLAIM NO RIGHT PENALTIES TEN THOUSAND FOUR HUNDRED SIXTEEN FIFTY EIGHT CENTS APPEAL MADE ON GROUNDS DEFICIENCY NOT DUE TO ANY FRAUD OR INTENT ON MY PART TO EVADE PROPER INCOME TAX.

The foregoing having been docketed by the Board as an incomplete petition, and in view of the failure of the petitioner to pay the filing fee prescribed by Rule 8, orders were issued against the petitioner to show cause, on or before October 28, 1931, why the proceeding should not be dismissed for failure to properly prosecute and for failure to pay such filing fee. In response to said orders the petitioner paid the filing fee on October 27, 1931, and filed an amended petition petitioning " for a redetermination of the deficiency set forth by the Commissioner * * * in his notice of deficiency," and alleging, among other things, that " The taxes in controversy are penalties for the years 1927 and 1928, and for $10,416.58." This petition was docketed by the Board as an " amended petition," and on October 28, 1931, the orders to show cause were discharged.

Thereafter, on December 19, 1931, the respondent filed his answer to the amended petition and, among other admissions and denials, not here material, denied the only allegation of error urged by the petitioner, pertaining to the asserted fraud penalties and, in addition to a general allegation of fraud, he affirmatively alleged the following facts in support of the general allegation of fraud:

(a) The petitioner reported a net income of only $16,494.87 for 1927 and $7,415.08 for 1918 [1928], whereas his correct net income for those years was $107,899.76 and $39,045.50, respectively.

(b) The petitioner grossly overstated the deduction for bad debts for the year 1927 with intent to evade tax.

(c) Petitioner grossly understated his income from business and from sales of membership shares in the Leader Building and Loan Association and other building and loan associations for the year 1928, with intent to evade tax.

(d) The petitioner, with intent to evade tax, failed to keep the books and records required by the income tax laws and the regulations issued thereunder.

(e) The respondent for further facts in this case, refers to the deficiency notice and statement, a copy of which is affixed to the petition and the same is hereby adopted in this answer as fully as if incorporated herein.

The deficiency notice, which the respondent incorporates by reference in subdivision 7 (e) of his answer, increases the petitioner's business income for 1927 by $3,890.44, and adds to net income reported $27,111.18, with the following explanation: .

1. Income from business understated as follows:

| | |
|---|---|
| Correct income received | $83, 355. 74 |
| Income reported | 79, 465. 30 |
| Understated | $3, 890. 44 |

2. Represents profits realized by you from sales of membership shares owned by you in Building and Loan Association. No profit was reported by you from this source.

The deficiency notice also disallows $61,653.42 as a deduction in the computation of net income, with respect to which the respondent states, " Items claimed in your return do not represent allowable deductions for bad debts." The deficiency notice increases business income for 1928 by $6,650, and $32,133.80, less bad debts of $7,153.38, with respect to which he states:

1. Represents profit realized on sale of 8,000 membership shares in the Leader Building and Loan Association which profit was not reported.

2. Represents profits on sales of membership shares in Building and Loan Association not reported. (See No. 2 under 1927).

3. Represents bad debts allowable in 1928 which were claimed by you in the year 1927 in computing business income. This deduction was not allowed in 1927 since the accounts were not determined to be worthless until 1928.

Before addressing ourselves to the principal question urged for determination, we shall first dispose of the respondent's motion to dismiss for want of jurisdiction. The respondent complains that the telegraphic communication lodged with this Board on September 19, 1931, within the 60-day period provided for the filing of a petition for redetermination, should not be regarded as a petition, and, therefore, does not confer jurisdiction upon the Board. The petitioner complied with the Board's orders to show cause and perfected his appeal by the filing of a properly verified petition and by paying the required filing fee. On the authority of *Peruna Co.*, 11 B. T. A. 1180, and *Krueger Broughton Lumber Co.*, 18 B. T. A. 1270, the respondent's motion to dismiss for lack of jurisdiction is denied.

Relative to the respondent's motion for judgment on the pleadings, the petitioner does not question the proposed deficiency in tax; in fact he, as well as his counsel, concedes the correctness thereof, so that the respondent's determination in that particular will not be disturbed.

The respondent directs attention to the fact that the only allegation of error asserted by the petitioner is with respect to the fraud penalty. He contends that, he having alleged fraud in his answer and having set forth specific practices which he alleges were fraudulent, the petitioner was required under Rule 15 of the Board's Rules of Practice to file a reply within 45 days after the filing of such answer; that more than six months having elapsed and no reply having been filed, under Rule 19 of the Board's Rules of Practice, "each and every material allegation of fact set out * * * in the answer and not denied in the reply, where a reply is required by these Rules, shall be deemed to be admitted."

Rule 5 of the Rules of Practice of the Board provides for the filing of a petition to initiate the proceeding and Rule 14 provides for the due filing of an answer thereto by the respondent which " shall contain a specific admission or denial of each material allegation of fact contained in the petition and a statement of any facts upon which the Commissioner relies for defense or for affirmative relief or to sustain any issue raised in the petition in respect of which issue the burden of proof is, by statute, placed upon the Commissioner."

Rule 15 of the Board's Rules of Practice, in so far as important here, provides that:

If the answer of the Commissioner sets forth the facts upon which he relies for affirmative relief, or contains a statement of the facts upon which he relies to sustain an issue in respect of which the burden of proof is placed upon him by statute, the petitioner shall, within 45 days after a copy of such answer is mailed to him or his counsel of record by registered mail, file a reply which shall contain a specific admission or denial of each material allegation of fact contained in the answer and shall set forth any facts upon which he relies for defense. * * *

Rule 19 of the Rules of Practice provides, among other things, that:

Each and every material allegation of fact set out in the petition and not denied in the answer, or set out in the answer and not denied in the reply, where a reply is required by these Rules, shall be deemed to be admitted. If no reply is required by these Rules, each and every material allegation of fact set out in the answer shall be deemed to be denied.

The " burden of proof is, by statute, placed upon the Commissioner " in this proceeding. The answer of the respondent contained " a statement of * * * facts upon which the Commissioner relies for * * * affirmative relief [and] to sustain [an] issue raised in the petition in respect of which issue the burden of proof is, by statute, placed upon the Commissioner." The petitioner filed no reply either admitting or denying the specific instances of fraud alleged by the respondent in his answer within the 45 days provided for in Rule 15 of the Board's Rules of Practice, nor for that matter has any such reply ever been filed, although the answer was filed by the respondent on December 19, 1931.

346

The petitioner has entirely ignored the mandate of Rule 15, wholly disregarding his own rights in the matter of the asserted deficiency in tax and penalties, and, finally, upon the day of hearing upon this motion he appeared only by counsel, who submitted the following and only statement of the taxpayer to the Board bearing upon his case:

Your Petitioner, F. O. Statler, of Memphis, Shelby County, Tennessee, has motion of Appeal to be heard at Washington, D. C. August 10th, 1932, through South Trimble, Jr. Attorney, of Record. I am unable to attend the hearing at Washington, D. C. on account of Finances but have given my Power of Attorney to Edward S. Elliott, with data of my defense as to fraud in case now pending before the Department Docket No. 59979. I will appreciate the withdrawal of my case before the Board of Tax Appeals and be allowed to furnish data as to my defense before the U. S. Internal Revenue Department and General Council [Counsel] looking to the disposition of fraudulent intent, Edward S. Elliott, has my records to be used in defense of said claim.

The foregoing considered, it is our opinion that, the petitioner having failed to comply with the Board's rules and having failed to deny the specific acts of fraud alleged against him, the respondent's motion for judgment upon the pleadings should be granted. In *Miller-Pocahontas Coal Co.*, 21 B. T. A. 1360, the Board refused to give judgment for the fraud penalty where the petitioner failed to appear at the trial, and respondent moved for dismissal and judgment without offering proof. That proceeding, however, was at issue and decided prior to the time the Board's rules required the filing of a reply, and is therefore distinguishable from the instant proceeding.

Reviewed by the Board.

*Judgment will be entered for deficiencies in tax of $17,700.06 and $3,133.10 for the years 1927 and 1928, respectively, and for fraud penalties aggregating $10,416.58 for said years.*

ARUNDELL, VAN FOSSAN, and McMAHON dissent.