WEST TOWN STATE BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59060. Promulgated April 30, 1935.

*Willis D. Nance, Esq.*, for the petitioner.
*Claude R. Marshall, Esq.*, for the respondent.

#### OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $10,984.64 in petitioner's income tax for 1928. He disallowed deductions for donations and obsolescence. In its petition, the bank assailed the disallowance of the obsolescence deduction and the refusal to recognize a resulting net loss. The Commissioner, by an amended answer, set up an additional profit of the petitioner in 1928 from a condemnation award, and claimed an increase in the deficiency. No reply was filed, and hence the allegations of new matter must be taken as admitted, *F. O. Statler*, 27 B. T. A. 342. When the case came on for trial, petitioner's attorney called attention to section 22, Act of March 1, 1879, 20 Stat. 351; 12 U. S. Code

Annotated 570,[1] stated that the bank was closed by order of the State Auditor of Illinois after the petition was filed in this proceeding and that its assets were held by a receiver, and offered in evidence an affidavit of the receiver, which, there being no objection, was received in evidence. The affidavit is in the margin.[2] This constitutes the record in the case. The Commissioner, after the case was submitted, assessed the deficiency, and notified the Board in accordance with Revenue Act of 1928, section 274.

Normally there would be no doubt that the petitioner's lack of evidence would entitle the Government to a judgment for the deficiency originally determined, *Avery* v. *Commissioner*, 22 Fed. (2d) 6; *Bishoff* v. *Commissioner*, 27 Fed. (2d) 91, and the amount of increase affirmatively pleaded in the answer and admitted by the failure of reply, *F. O. Statler, supra.*

But petitioner's position seems to be (although no argument has been submitted in its behalf), that, no matter what the deficiency, the Act of March 1, 1879, requires the Board to render a judgment of no deficiency. The respondent argues that that act is not within the Board's jurisdiction to consider, and that even though facts appear in the record before the Board showing that the 1879 Act is squarely applicable to prohibit assessment and collection or require abatement, the Board must nevertheless enter a judgment for the full amount of the claimed deficiency as if no such statute were in

---

[1] § 570. *Insolvent banks as exempt from tax.* Whenever and after any bank has ceased to do business by reason of insolvency or bankruptcy, no tax shall be assessed or collected, or paid into the Treasury of the United States, on account of such bank, which shall diminish the assets thereof necessary for the full payment of all its depositors; and such tax shall be abated from such national banks as are found by the Comptroller of the Currency to be insolvent; and the Commissioner of Internal Revenue, when the facts shall so appear to him, is authorized to remit so much of said tax against insolvent State and savings banks as shall be found to affect the claims of their depositors. (Mar. 1, 1879, c. 125, § 22, 20 Stat. 351; Mar. 3, 1883, c. 121, § 1, 22 Stat. 488).

[2] Thomas B. Roberts being duly sworn on his oath states he is in possession of West Town State Bank, 2400 West Madison Street, Chicago, Illinois, having been appointed Receiver by the Auditor of Public Accounts of the State of Illinois on the 21st day of July, 1931, and that certified copy of his certificate of appointment is now on file with the Commissioner of Internal Revenue, same having been lodged with the Public Relations Division of the Bureau of Internal Revenue.

Deponent further states that the above named bank ceased to do business by reason of insolvency on or about the 11th day of June, 1931.

Deponent further states that the amount which may reasonable [sic] be expected to be realized from the liquidation of the assets of the bank together with the amounts which may reasonable [sic] be expected to be realized from assessments against stockholders, will not in the aggregate be sufficient to pay depositors in full, and it is respectfully requested that proper application be made to this taxpayer of the benefits of the Act of March 1, 1879, Title 12 U. S. Code (annotated) Section 570;

Particular reference is made to any unpaid taxes of record or proposed to be assessed, and in addition to any taxes imposed by the Revenue Act of 1932, including taxes on checks and stamp taxes on stocks, bonds, mortgages, etc.

Further deponent sayeth not.

existence. The Board, it is said, is confined to a consideration alone of the revenue statutes.

Although, as will appear, the decision must stand upon another ground, we must reject the Commissioner's argument. It would restrict the Board to a merely academic function having no regard for substantial rights and liabilities. We may not so far close our eyes to the law as to adjudicate as a deficiency or a transferee liability an amount which by the Constitution or a supervening statute or decision may not legally be imposed or exacted. This was held at the beginning of the Board's existence and has since been consistently adhered to, *National Refining Co. of Ohio*, 1 B. T. A. 236; *New York, Ontario & Western Railway Co.*, 1 B. T. A. 1172, 1182; *Leah Brunt, Executrix*, 5 B. T. A. 134; *Independent Life Insurance Co. of America*, 17 B. T. A. 757; *American Security & Trust Co. et al., Executors*, 24 B. T. A. 334, 346. See *W. P. Brown & Sons Lumber Co.* v. *Burnet*, 282 U. S. 283; *Helvering* v. *Independent Life Insurance Co.*, 292 U. S. 371. For the Board to pass upon a computation of a hypothetical amount which is without substance and which may not be assessed or collected is analogous to the determination by the Court of Claims of nominal damages; and it has been held by the Supreme Court, with no more express statutory support than is here, that the Court of Claims has no such jurisdiction. *Nortz* v. *United States*, 295 U. S. 317; *Grant* v. *United States*, 7 Wall. 311, 338; *Marion & Rye Valley Ry. Co.* v. *United States*, 270 U. S. 280.

We, therefore, shall consider whether, in view of the Act of 1879, the deficiency, otherwise admittedly correct, must be set aside. We find that the terms of that statute have not been met. The receiver's affidavit is a mere estimate that what in his opinion may reasonably be expected to be realized from the liquidation of the bank's assets and the assessments against stockholders will not be sufficient to pay depositors in full. The statute, however, is conditioned upon the fact of insolvency and the fact, not an estimate by the receiver, that the tax *shall* diminish the bank's assets below the amount necessary for the full payment of all its depositors; and the abatement is conditioned upon the facts appearing to the Commissioner of Internal Revenue. In all likelihood the Commissioner may not arbitrarily ignore the facts which properly are made to appear to him, but there is no indication in this case that he has done so. The receiver has merely stated that the bank is insolvent and its assets and stockholders' assessments will not, in his opinion, be sufficient to pay depositors in full. This is not sufficient to bring the Act of 1879

into operation, cf. *Johnston* v. *United States*, 17 Ct. Cls. 157; *Jackson* v. *United States*, 20 Ct. Cls. 298.

The respondent may have judgment for the amount of the deficiency as increased.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

LEECH, concurring: In my judgment, the provision of the Act of 1879, quoted in the majority opinion, has to do with an administrative function of Federal tax collection, outside the statutory jurisdiction of this Board. I agree, therefore, only, with the result reached in that opinion.

As the majority opinion indicates, if we have jurisdiction here on any ground, to adjudicate petitioner's rights under the quoted provision, then, that adjudication is conclusive unless reversed upon review. A finding of fact, possible, in my opinion, even upon the present record, that the petitioner was entitled to the benefit of the quoted act, would require a decision of no deficiency upon that finding. In such circumstances, if the bank in receivership were to become able to pay the disputed tax without loss to its depositors, within the statutory period for assessment and collection of the disputed tax, a practical possibility, no part of the pending deficiency could be collected. On the other hand, assuming the correctness of the conclusion of fact upon which the majority opinion is based, as soon as the decision entered upon that opinion becomes final, the taxpayer bank, and, *a fortiori*, its depositors, can not have the relief provided for them in the act even though the fact, upon which, alone, the benefit of the statute depends, admittedly arose later during the receivership—a similar possibility. I think those results obviously repugnant to the expressed statutory intendment, which is limited to the relief of depositors in such banks. The basis for or bar to that relief is not necessarily permanent, but exists, only, concurrently with the factual premise supporting it. The legislative intention is merely to constitute the depositors in such banks, preferred creditors as to the Government's tax claims under the circumstances provided in the act. To permit the conclusive adjudication of a right to that preference before satisfaction of the depositors or final liquidation of the pending receivership, is wholly irreconcilable with that intention.

ARUNDELL agrees with the above.

---

SMITH dissents from the majority opinion.