EDWARD BARRON ESTATE COMPANY, PETITIONER, v. COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82356.  Promulgated October 30, 1936.

*Charles S. Wheeler, Jr.*, for the petitioner.
*A. H. Fast, Esq.*, and *Paul E. Waring, Esq.*, for the respondent.

OPINION.

STERNHAGEN: On September 4, 1935, the Commissioner sent the petitioner, a California corporation, a notice of deficiency of $43,-279.67 in its 1932 income tax. At 5:10 p. m. of the ninetieth day thereafter, the last day of the period within which a petition could be filed with the Board, a telegram comprising the skeleton of a petition was addressed by the petitioner's president in San Francisco to the Chairman of the Board in Washington, D. C. The address included the direction to "phone and deliver" to the Chairman at his home. This telegram was received in Washington too late for delivery at the Board's headquarters during business hours. At 9 o'clock in the evening the telegram was telephoned by the telegraph company to the Chairman, and at his direction the telegram was delivered at the office of the Board the next day. At the Chairman's direction, it was marked filed under the above docket number as on the ninetieth day.

The respondent moves to dismiss the proceeding on the ground that the petition was not filed within the time provided by statute and the rules. The petitioner urges that the communication of a telegraphic petition by telephone to a Member of the Board within the 90-day period and its delivery the next day is a statutory filing. While conceding, as it must, that a telephone communication of a petition is of itself not sufficient, and that a sending is not a filing it argues for an exception as to telegrams. But the telegraph employee is its agent, and his telephone communication of the petition has no more force than that of his principal, the petitioner, would have.

The Board has always been liberally disposed toward the recognition of petitions irregularly filed, compare *Continental Petroleum Co.* v. *United States*, —— Fed. Supp. —— (April 14, 1936); *F. O. Statler*, 27 B. T. A. 342; *Krueger Broughton Lumber Co.*, 18 B. T. A. 1270; *Peruna Co.*, 11 B. T. A. 1180; but the petitioner's contention

here requires a stretch beyond any conceivable notion of a filing. Beginning with *Sam Satovsky*, 1 B. T. A. 22, it has been consistently held that a petition is not filed until it is officially deposited with the Board. This means at its office. *Lewis-Hall Iron Works* v. *Blair*, 23 Fed. (2d) 972; certiorari denied, 277 U. S. 592. Anything else would be impossible to administer. Here, for example, it is thought important that the Chairman testified that when he heard the message "he fully understood the entire contents of the telegraphic petition, and received it in his official capacity as Chairman of the Board." Such a concept of filing must be rejected. By nothing less than a physical deposit of a petition with a proper person in the office of the Board at Washington will it be recognized as properly filed under the rules. See *Poyner* v. *Commissioner*, 81 Fed. (2d) 521.

Reviewed by the Board.

*The proceeding will be dismissed.*

LEECH, concurring: This Board has decided that a telegram can be effective as a petition. *F. O. Statler*, 27 B. T. A. 342. I think that case is wrong. Upon that premise, alone, I concur in the result reached in the majority opinion.

TYSON, concurring: In view of former decisions of this Board to the effect that telegrams of the nature of the one involved here are entitled to be filed as a petition with this Board, the sole question presented here is whether or not the telephonic communication to the Chairman of the Board of the contents of the telegram involved constituted a proper filing with this Board of such telegram. I agree with the result reached in the majority opinion in so far only as it is to the effect that the telephonic communication did not constitute a proper filing of the telegram with the Board.

I disagree with that conclusion reached in the opinion that a petition, which is here the telegram in question, must be filed within the time limit by a physical deposit of same with a proper person *in the office* of the Board in Washington in order to be recognized as having been properly filed. *Louis Hall Iron Works* v. *Blair*, 23 Fed. (2d) 972, and *Poyner* v. *Commissioner*, 81 Fed. (2d) 521, are cited to sustain this conclusion. Neither does so in my opinion.

In *Louis Hall Iron Works* v. *Blair*, *supra*, and in *Poyner* v. *Commissioner*, *supra*, it is said: "A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file." I agree that in order for the petition to be properly filed it must be filed with the proper person by its physical deposit with him within the statutory time limit. I am, however, of the opinion that such

deposit would be timely and sufficient to comply with the requirement of the statute without regard to whether such deposit was made in or out of the office of the Board in Washington.

---

TURNER, dissenting: *Lewis-Hall Iron Works* v. *Blair*, 23 Fed. (2d) 972, is cited in the majority opinion to sustain the conclusion that a petition must be filed with a proper person at the offices of the Board in Washington, D. C. In my opinion that case does not sustain the conclusion reached, but is authority only for a conclusion that the mere deposit of a petition at the offices of the Board after office hours is not the filing of a petition within the meaning of the statute where it is not actually received by an official or an employee of the Board until after the expiration of the statutory period. In other words, it is not the taking of the petition to a particular place that is determinative, but the delivery of the petition to a proper person. No one has suggested that the Chairman of the Board is not a proper person to receive a petition.

Furthermore, on the facts in this case, the effect of the majority ruling is a reduction of the period allowed by statute for filing petitions. The statutory period begins at midnight of the day on which the notice of deficiency is mailed and ends at midnight of the ninetieth day. *United Telephone Co.*, 1 B. T. A. 450. Under the ruling here the statutory period is reduced from midnight to the end of office hours on the ninetieth day unless some member or employee of the Board happens to be at the office of the Board or makes a special trip there to receive petitions after office hours. We have no power to legislate by decision or through the promulgation of rules.

In *F. O. Statler*, 27 B. T. A. 342, we held that the delivery and receipt of a telegram was a proper filing of a petition within the meaning of the statute, and, in my opinion, it logically follows that if we accept telegrams as petitions, we must also accept the usual and customary methods of sending and delivering telegrams. Otherwise *F. O. Statler*, *supra*, should be overruled. The petitioner took every precaution to see that the telegram, which was directed to the Chairman of the Board, was delivered prior to midnight on the date it was sent and the telegraph company undertook to comply with all of the instructions of the petitioner. The telegram was received by the Chairman by one of the usual and customary methods of delivering telegrams. The actual delivery of the paper on which it was written was postponed by direction of the Chairman himself, and it seems apparent on these facts that the telegraph company was thereafter holding the paper for the Chairman and not for the petitioner.

BLACK, MORRIS, McMAHON, and HARRON agree with this dissent.