*669 OPINION.
Smith :
The respondent has determined deficiencies in income and excess profits taxes against petitioner for 1934. To the extent that the taxes are attributable to income in respect of its unsegregated assets, the petitioner now concedes liability; in other words, it concedes that it is liable for deficiencies in income and excess profits taxes for 1934 in the respective amounts of $310.33 and $112.85, which it claims already to halve paid.
The sole question in issue is whether the petitioner is liable to income tax for 1934 in respect of the income of a trust of segregated assets which were held by three trustees for the benefit of its depositors. The petitioner claims that it is exempt from tax upon such income under the provisions of section 3798 of the Internal Revenue Code, as amended by section 406 of the Revenue Act of 1939. That section, as amended, provides, so far as material, as follows:
(b) Whenever any bank or trust company, a substantial portion of the business of which consists of receiving deposits and making loans and discounts, has been released or discharged from its liability to its depositors for any part of their claims against it, and such depositors have accepted, in lieu thereof, a lien upon subsequent earnings of such bank or trust company, or claims against assets segregated by such bank or trust company or against assets transferred from it to an individual or corporate trustee or agent, no tax shall be assessed or collected, or paid into the Treasury of the United States on account of such bank, or trust company, such individual or corporate trustee or such agent, which shall diminish the assets thereof which are available for the payment of such depositor claims and which are necessary for the full payment thereof.
(c) (1) Any such tax collected, whether collected before, on, or after the date of enactment of the Revenue Act of 1938, shall be deemed to be erroneously collected, and shall be refunded subject to all provisions and limitations of law, so far as applicable, relating to the refunding of taxes.
(2) Any tax, the assessment, collection, or payment of which is barred under subsection (a) of this section, or any such tax which has been abated or remitted after May 28, 1938, shall be assessed or reassessed whenever it shall appear that payment of the tax will not diminish the assets as aforesaid.
(3) Any tax, the assessment, collection, or payment of which is barred under subsection (b) of this section or any such tax which has been refunded after May 28, 1938, shall be assessed or reassessed after full payment of such claims of depositors to the extent of the remaining assets segregated or tranferred as described in subsection (b).
The respondent contends that the trust set up in 1933, principally out of the segregated assets of the petitioner, is not a separate taxable *670 entity, but that the gains and losses and net income of the trust must be incorporated in the petitioner’s income tax return for 1934. The petitioner, although not having any control over the trust, and although its assets are not the assets of the petitioner and its liabilities are hot the liabilities of the petitioner, and although its bookkeeping is not reflected in the petitioner’s books of account, does not combat the contention of the respondent that the trust is not a separate tax entity. It contends, nevertheless, that it is not liable to income tax in respect of any net income of the trust for 1934 by reason of the fact that the payment of the tax would reduce the assets of the trust available for the payment of claims of depositors.
At the hearing of this case counsel for the respondent stated:
In this case, in the year 1934, the bank made a profit of some fifty-five thousand dollars and the profits from what he called the segregated assets, amounted to about fifty-nine thousand dollars. There is one taxable entity, and the deficiency is asserted against the Alpena Savings Bahk, which is a going concern, making money each year, and has plenty of free assets and also sufficient income to pay these taxes, which would not in any way, diminish the amount that the depositors would be entitled to. That is really the issue in this case. * * *
He further stated:
Naturally, if the taxes are paid out of these segregated assets, it would diminish the assets, so that there would not be as much available for the depositors, as you can see, but, on the other hand, if we collect the taxes from whom the deficiency is asserted, there is no harm done to the depositors in any way, shape, or form, except what they have done by their own legal arrangement.
The respondent further contends that the Board has no jurisdiction in the determination of the deficiency to consider the effect of section 3798 of the Internal Revenue Code, which relates to “Exemption of Insolvent Banks from Tax.” The respondent asserts that it is the function of the Board merely to determine the deficiency and that section 3798 of the Internal Revenue Code pertains only to the collection. ■
This contention of the respondent must be denied upon the authority of West Town State Bank, 32 B. T. A. 531; Republic Bank & Trust Co., 36 B. T. A. 680; Valuation Service Co., 41 B. T. A. 811.
By the trust agreement of September 19, 1933, in accordance with the terms of which the trust was set up, it is provided that the trust shall pay all of its own expenses, including taxes. The trust fund was managed in accordance with the instructions of the state banking commissioner. He has ruled that if the bank is subjected to any Federal income tax in respect of the income of the trust the trust shall pay it. Since the respondent admits that the payment of the tax by the trust would reduce the assets necessary for the payment of claims of the depositors, both the assessment and col *671 lection of the tax are clearly prohibited by section 3798 of the Internal Revenue Code.
In Valuation, Service Co., supra, which is cited herein for comparison, we stated:
As respondent points out, it is not the purpose of the relevant legislation to relieve those having a proprietary interest in the bank from their appropriate tax liability. Jackson v. United States, 20 Ct. Cls. 298. But even if there were a possibility under the facts here that such a result might eventuate, the danger is eliminated by the provisions of the 1938 Amendment, leaving open the ultimate liability of those governed by the statute until the outcome of liquidation is apparent.
The same is true here.
Reviewed by the Board.

Decision will he entered wruLer Bule 50.