J. A. Overman v. Commissioner.
Overman v. Commissioner
Docket No. 45318.
United States Tax Court
1953 Tax Ct. Memo LEXIS 1; 12 T.C.M. (CCH) 1453; T.C.M. (RIA) 54009; December 31, 1953
John O. Durkan, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined deficiencies against petitioner as follows: "6% Penalty for
"5%
Substantial
Delinquency
"50% Civil
Underestimation
Income
Penalty
Fraud Penalty
of Estimated Tax
Tax
Sec. 291(a)"
Sec. 293(b)"
Sec. 294(d)(2)"
1946
$ 3,951.19
$ 197.56
$ 1,975.60
$ 220.01
1947
37,803.18
18,901.59
2,271.79
At the hearing petitioner failed to appear. Respondent moved for judgment relying as to the fraud penalty on an order previously entered herein declaring as deemed to be admitted the undenied allegations in respondent's answer. Findings of Fact Petitioner is *2 an individual residing at 524 Renton Avenue, Renton, Washington. He filed his returns for the periods in controversy with the collector for the district of Washington. On his return for the year 1946, petitioner reported a net income of $3,421.56, and an income tax liability of $572.61. On his return for the year 1947, petitioner reported an adjusted gross income of $2,315, and an income tax liability of $300.00. Petitioner derived net incomes of $16,778.52 and $67,921.29 and incurred income tax liability of $5,072.30 and $38,103.18 for the years 1946 and 1947, respectively. This income was derived almost entirely from a partnership operated by petitioner with one Gordon Fetters. Petitioner knowingly and fraudulently failed to report these additional amounts with intent to evade income taxes. The deficiencies in petitioner's income taxes for each of the years in controversy are due, in whole or in part, to fraud with intent to evade tax. Opinion For some reason not readily comprehensible respondent has chosen to admit the allegation of petitioner that "the deficiencies * * * are entirely incorrect as no tax is owing." We think this admission has the effect of eliminating any *3 otherwise existing presumption of correctness inherent in the deficiency notice. By the affirmative allegations of his answer, however, respondent has set forth facts which show the existence of deficiencies in each year. Even if we regard this as a request for a different or increased deficiency, the underlying facts having been deemed to be admitted, respondent's burden is sustained. Robert Kenneth Black, 19 T.C. 474. The same may be said with respect to the fraud penalty where although the burden is upon respondent the admissions resulting from the order are sufficient to sustain his burden. See Robert Kenneth Black, supra; F. O. Statler, 27 B.T.A. 342. We see no means, however, by which the "additions to the tax" sought to be imposed for substantial understatement of estimated tax under section 294(d)(2), and for delinquency under section 291(a), Internal Revenue Code, may be sustained. Although included in the original deficiency notice there is no new allegation in respondent's answer on the basis of which facts to support these items can be marshaled or the subject even be placed in issue. Since the originally *4 determined deficiencies have been admitted to be erroneous, we see no alternative but to eliminate these items from the decision. Decision will be entered that there are deficiencies in income tax of $3,951.19 and $37,803.18, and civil fraud penalties of $1,975.60 and $18,901.59, for the years 1946 and 1947, respectively.