E. N. Sager v. Commissioner.
Sager v. Commissioner
Docket No. 49107.
United States Tax Court
T.C. Memo 1956-225; 1956 Tax Ct. Memo LEXIS 71; 15 T.C.M. (CCH) 1183; T.C.M. (RIA) 56225; September 28, 1956
*71 T. M. Mather, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Respondent determined deficiencies in taxes and additions thereto for fraud as follows: Calendar
Addition
Year
Tax
Deficiency
to Tax
1943
Income and Victory
$ 6,820.09
$3,410.04
1942
Income
382.48
191.24
1944
Income
14,213.31
7,106.66 There was no appearance at the hearing by or on behalf of petitioner, and respondent's motion to dismiss is granted so far as it applies to petitioner's allegations. As to the additions for fraud, however, the burden of proof is by statute placed upon respondent. "Normally that burden is discharged by the introduction of evidence on respondent's part even where there is a default by petitioner. In the present case, however, a motion had previously been made by respondent under Tax Court Rule 18, culminating in an order that the affirmative allegations of the amended answer which were undenied by petitioner be deemed to be admitted. In that state of the pleadings the admissions of petitioner dispense with the necessity of proof, and for that reason we find as facts the allegations in question and conclude that respondent's *72 burden of proof has been successfully maintained. [Robert Kenneth Black, 19 T.C. 474.]
See F. O. Statler, 27 B.T.A. 342. Decision will be entered for the respondent.