Ronald E. Randolph v. Commissioner.
Randolph v. Commissioner
Docket No. 1508-69 "SC".
United States Tax Court
T.C. Memo 1969-289; 1969 Tax Ct. Memo LEXIS 3; 28 T.C.M. (CCH) 1493; T.C.M. (RIA) 69289; December 29, 1969. Filed Ronald E. Randolph, pro se, R.R. #2, Wyaconda, Mo. Tom G. Parrott, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1965 in the amount of $129.38. The only issue for decision is whether under the provisions of sections 1401 and 1402, I.R.C. 1954, [1] petitioner is liable for the tax on his self-employment income. Findings of Fact Petitioner, an individual *4 who resided in Wyaconda, Missouri at the date of the filing of the petition in this case, filed a joint Federal income tax return with his wife, Ruth, for the calendar year 1965 with the district director of internal revenue at Detroit, Michigan. Petitioner joined the Seventh-Day Adventist Church in May of 1957 and shortly thereafter began selling religious books, published or otherwise endorsed by the Seventh-Day Adventist Church. He received commissions upon these sales and on his Federal income tax return for the calendar year 1965 reported net profits from his bookselling activities of $2,396. The amount of such net profits was computed on schedule C of the return by subtracting from gross receipts certain business expenses. In addition petitioner reported certain income from part-time work as a construction worker. Petitioner believes that the vows which he took at the time of his baptism, as interpreted in the writing of Ellen G. White, are contrary to the program of social security taxes and benefits. He also believes that the teachings of the Seventh-Day Adventist Church with respect to care of the elderly and poor are in conflict with the social security program. Petitioner *5 conscientiously believes that the social security program is in the nature of life insurance and that the purchase or otherwise obtaining of life insurance is contrary to the teachings of the Seventh-Day Adventist Church. The policy of the Seventh-Day Adventist Church is formulated by the General Conference Committee of that church. The General Conference of the Seventh-Day Adventist Church has taken no official position either for or against participation by members of the church in the social security program. Many ministers of the Seventh-Day Adventist Church pay self-employment taxes and participate in the social security program. The Seventh-Day Adventist Church as an employer pays the social security tax imposed upon employers to match the tax paid by employees. Petitioner filed an application on form 4029 for exemption from tax on self-employment income on the ground that he is and has continuously since May of 1957, been a member of the Seventh-Day Adventist Church and is an adherent of the established tenets or teachings of such group, and by reason of those tenets is conscientiously opposed to accepting the benefits of any private or public insurance which makes payments *6 in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care. This application was disapproved by the district director of internal revenue with a statement that, "the religious group in which you have membership does not meet the requirements of Section 1402(h)(1)(c) of the Internal Revenue Code." Under date of April 26, 1966, the Social Security Administration of the Department of Health, Education and Welfare issued a finding under section 1402(h) as to the Seventh-Day Adventists. This finding was that, "The Seventh-Day Adventist Church does not meet the requirements of section 1402(h)(1) of the Internal Revenue Code as a religious sect or division thereof whose members may, upon application, be exempt from the payment of Self-Employment Contributions Act taxes." Petitioner on schedule C-3 of his Federal income tax return for the calendar year 1965, 1494 which schedule is entitled, "Computation of Social Security Self-Employment Tax," wrote the following: "Taxpayer is Seventh-Day Adventist and is conscientious objector to self employment tax." Respondent *7 in his notice of deficiency determined that petitioner was liable for the self-employment tax with respect to the $2,396 of self-employment income which he received and reported in the calendar year 1965. Opinion Section 1401 imposes a tax on self-employment income, and section 1402(h)[2] provides for the exemption from that tax of individuals who are members of a recognized religious sect or division thereof and who are adherents of the established tenets or teachings of such sect or division by reason of which they are conscientiously opposed to the acceptance of benefits of public or private insurance. The statute further provides that the exemption may be granted only if the application therefor contains various information and only if the Secretary of Health, Education, and Welfare finds that such sect or division thereof has established tenets or teachings opposed to acceptance of benefits of public or private insurance. *8 Petitioner in this case takes basically two positions. His first position is that the teachings and tenets of the of the Seventh-Day Adventist Church are opposed to public or private insurance and therefore his application for exemption from the self-employment tax should have been granted. Petitioner's second position is that even if the tenets of the church are not interpreted by all members or the General Conference of the Church as being opposed to the social security program, since he so interprets the tenets of his church and conscientiously objects to participation in the social security program, it is unconstitutional for him to be required to pay a self-employment tax. He further contends that the statute is unconstitutional in that it permits ministers of a church to elect whether to come under the provisions of the self-employment tax but does not afford this same election to members of such church. Respondent argues that since the Social Security Administration has issued a ruling holding that the tenets of the Seventh-Day Adventist Church are not opposed to public or private insurance, it is not open to petitioner to make any further showing as to the beliefs or tenets *9 of the Seventh-Day Adventist Church. Respondent takes the position that since the statute requires the tenets of the church to be opposed to public or private insurance, petitioner's own conscientious beliefs against such insurance are not sufficient to bring him within the statutory exemption and that the statute so interpreted is not unconstitutional. In William E. Palmer, 52 T.C. 310 (1969), the taxpayer took exactly the same position with respect to his claimed exemption from self-employment tax as petitioner in this case takes in his second position. The taxpayer in William E. Palmer did not contend that he came within the language of section 1402(h) but rather argued that the provision of law imposing the self-employment tax was unconstitutional since it restricted the free exercise of religion by members of the Seventh-Day Adventist Church who personally were conscientiously opposed to engaging in any 1495 form of life or health insurance. In that case we pointed out that we had the power to determine the constitutionality of the Federal taxing statutes and that the income tax imposed by the Social Security Act upon both employees and self-employed had been *10 held to be constitutional. We concluded that the provisions of the Code providing for self-employment tax including the provisions of section 1402 were constitutional. On the authority of and the reasoning in our opinion in William E. Palmer, supra, we hold sections 1401 and 1402 to be constitutional as applied to the petitioner in this case. Petitioner in the instant case, unlike the taxpayer in William E. Palmer, contends that the tenets of the Seventh-Day Adventist Church properly interpreted are opposed to the insurance program provided by the Social Security Act. It is respondent's position that it is not open to us to determine whether petitioner is correct in his contention since the Social Security Administration has ruled that the tenets of the Seventh-Day Adventist Church are not opposed to the insurance program of the Social Security Act. Under the wording of section 1402(h), which specifically states that the exemption may be granted "only if the Secretary of Health, Education, and Welfare finds that" such sect or division has established tenets or teachings opposed to private or public insurance, there is a basis for respondent's position. However, in the *11 instant case we need not rule on this contention of respondent's since the evidence here shows that the tenets of the Seventh-Adventist Church are not opposed to private or public insurance and that many ministers and employees of that church are participants in the social security program. We therefore sustain respondent in his determination that petitioner is liable for self-employment tax with respect to the $2,396 of income from self-employment reported on his 1965 Federal income tax return. Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩
2. Sec. 1402(h) Members of Certain Religious Faiths - (1) Exemption. - Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by - (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary or his delegate may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, and Welfare finds that - (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950.↩