Orville W. Klamm and June D. Klamm v. Commissioner.
Klamm v. Commissioner
Docket No. 4129-70 SC.
United States Tax Court
T.C. Memo 1971-108; 1971 Tax Ct. Memo LEXIS 226; 30 T.C.M. (CCH) 462; T.C.M. (RIA) 71108; May 17, 1971, Filed. Orville W. Klamm and June D. Klamm, pro se, 13804 Manor Dr., Westminster, Calif. Stephen W. Simpson, for the respondent. 463 JOHNSTON Memorandum Findings of Fact and Opinion JOHNSTON, Commissioner: Respondent determined a deficiency of $422.40 in petitioners. Federal income tax for 1967. The issue presented is whether petitioners are liable for the tax on self-employment income under the provisions of sections 1401 and 1402, Internal Revenue Code of 1954. [1]
Most of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by this reference. Petitioners at the time of filing their petition resided in Westminster, California. June D. Klamm is a petitioner because *227 she filed a joint return with Orville, (hereinafter referred to as the petitioner). There is no evidence of Mrs. Klamm's religious affiliations or beliefs. Petitioner was a self-employed electrician in 1967, doing business as Klamm Electric Company. He also incurred losses on rental properties, property sales and commodity market transactions in that year. He has been a member of the Methodist Church or Christ's Church of Westminster all his life. In the taxable year, he was a member of the Methodist Church but he also considered himself as a member of the individual Christian faith. Neither the Methodist Church nor Christ's Church of Westminster, at any time pertinent hereto, had established tenets or teachings in opposition to, the acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old age or retirement; or makes payments toward the cost of, or provides medical services for medical care, including the benefits of any insurance system established by the Social Security Act. Petitioner's claim for exemption does not stem from the formal teachings of any established religious sect or faith; it stems from his own *228 conscientious belief as a member of the individual Christian faith based upon the Bible as he applies it to his daily life. He argues further that since he has fully paid up any benefits he can expect to receive under the Social Security Act, collection of taxes from him under section 1401 would amount to taking his money to pay for insurance for other people - a taking of private property for public use without just compensation in violation of Amendment V of the Constitution of the United States. Petitioners are not entitled to claim exemption from self-employment taxes pursuant to section 1402(h)(1); no exemption from self-employment taxes is granted in the statute because of conscientious beliefs of a taxpayer as a member of the individual Christian faith; nor is there a taking of petitioners' private property in an unconstitutional manner. William E. Palmer, 52 T.C. 310 (1969). Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the Respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩