ALAN LERNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lerner v. Commissioner
Docket No. 8406-72.
United States Tax Court
T.C. Memo 1975-60; 1975 Tax Ct. Memo LEXIS 314; 34 T.C.M. (CCH) 331; T.C.M. (RIA) 750060; March 17, 1975, Filed Alan Lerner, pro se. Peter Matwiczyk, for the respondent FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: In this *315 case respondent has determined a deficiency in self-employment tax in the amount of $538.20 for 1970. The sole issue for our decision is whether petitioner is liable for the self-employment tax imposed by section 1401. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner, Alan Lerner (Lerner), resided in West Patterson, New Jersey, at the time the petition was filed. He filed his 1970 Federal income tax return with the district director of internal revenue, Boston, Massachusetts. Throughout 1970 Lerner was self-employed as a manufacturing consultant, and he earned "self-employment income" within the meaning of section 1402(b). He paid no self-employment tax for 1970. Lerner did not file a self-employment tax return, but instead filed an application for exemption from tax on self-employment income (Form 4029) based on a stated conscientious objection to payment of the tax. Lerner objects to paying the tax on "moral" grounds rather than religious ones. He is not a member of any religious sect whose members are eligible for an exemption under *316 section 1402(h). OPINION Petitioner admits that he does not qualify for exemption from the self-employment tax under the here applicable provisions of the Self-Employment Contributions Act of 1954. [2] Nevertheless, he asks this Court to enlarge the exemption of section 1402(h) to include a conscientious objection on purely "moral" grounds. Petitioner contends that, in the absence of such a judicial rewrite of section 1402(h), the section is an unconstitutional violation of the establishment clause of the first amendment. [3] We decline to enlarge the scope of section 1402(h), and we hold for the respondent. *317 In William E. Palmer, 52 T.C. 310, 312 (1969) the issue of whether section 1402(h) was violative to the establishment clause was not squarely before us, but we said indicta (p. 314): Although only some members of certain religious sects fall within the terms of the exemption, we find no violation of the establishment clause of the first amendment. The Draft Act of 1917, 40 Stat. 76, granted exemptions to conscientious objectors who were affiliated with a "well-organized religious sect or organization * * * [then] organized and existing and whose existing creed or principles * * * [forbade] its members to participate in war in any form." These provisions were held constitutional over the argument, among others, that they tended toward the establishment of religion. Selective Draft Law Cases,245 U.S. 366 (1918). * * * What we there said as dicta, we here confirm as our holding. Section 1402(h) is not a violation of the first amendment's establishment clause. Petitioner points us to Welsh v. United States,398 U.S. 333 (1970) for the proposition that non-religious conscientious objections to statutory obligations *318 must be accorded equal treatment with objections rooted in religious tenets in order to prevent statutory exemptions, such as section 1402(h) which are framed in terms of religion, from running afoul of the establishment clause. Petitioner's reliance is misplaced. The prevailing opinion in Welsh states specifically that the constitutional question was not reached. 398 U.S. at 335. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise specified.↩
2. Sections 1401-1403. ↩
3. U.S. Const. amend. I. Petitioner also argues that sections 1401-1403 unconstitutionally abridge the free exercise of his strong moral convictions. Aside from the controversial question of whether the guarantees of the free-exercise clause of the first amendment extend to strong moral convictions as well as to religion, we have previously addressed ourselves to this argument and resolved it against petitioner. William E. Palmer,52 T.C. 310 (1969); Leonard H. Church,T.C. Memo. 1970-146. We perceive no reason to disturb our prior holdings. A third argument made by petitioner also lacks merit. He contends that the classifications established by Congress to determine exemption from liability under the Social Security Act, 42 U.S.C. sec. 301 et seq., are violative of the equal-protection clause of the fourteenth amendment, U.S. Const. amend. XIV. Most clearly they are not, as was long ago settled by Steward Machine Co. v. Davis,301 U.S. 584↩-585 (1937).