ROBERT SHELTON JAGGARD and MARYBETH JAGGARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jaggard v. Commissioner
Docket No. 3378-76.
United States Tax Court
T.C. Memo 1978-78; 1978 Tax Ct. Memo LEXIS 439; 37 T.C.M. (CCH) 377; T.C.M. (RIA) 780078; February 27, 1978, Filed Robert Shelton Jaggard, pro se. Albert *440 B. Kerkhove, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Juge: Respondent determined a deficiency in petitioners' 1974 Federal income tax in the amount of $1,042.80. The sole issue for decision is whether petitioners are liable for the tax on self-employment income under section 1401 [1] and 1402 for 1974. FINDINGS OF FACT Petitioners, husband and wife, resided in Oelwein, Iowa, at the time they filed their petition herein. Petitioner Marybeth Jaggard is a party to this case only by virtue of having filed a joint return with her husband. When we hereafter refer to "petitioner", we will be referring to Robert Shelton Jaggard. During 1974 petitioner was a self-employed physician who earned $13,200 of self-employment income (within the meaning of section 1402(b)) but paid no self-employment tax. In August 1974 petitioner sent a letter to respondent in which he stated that he had decided to file an application for exemption from self-employment taxes. In that letter he also requested the necessary forms for application *441 for the exemption. However, petitioner never filed Form 4029 (Application for Exemption From Tax on Self-Employment Income and Waiver of Benefits) with respondent because he considered the form to be unconstitutional. During 1974 petitioner paid $532 to a private commercial insurance company for disability insurance. On his 1974 income tax return petitioner claimed a "religious exemption" from the tax on his self-employment income. Respondent in his statutory notice determined that petitioner was liable for the maximum self-employment tax. OPINION The sole issue for decision is whether petitioner is liable for the tax on self-employment income under the provisions of sections 1401 and 1402. Section 1401(a) provides generally for the imposition of a tax on the self-employment income of every individual. Section 1402(h) [2] provides an exemption from the imposition of the tax for members of certain religious faiths. Petitioner contends that the exemption based in part on membership in a "recognized religious sect" violates the establishment clause of the First Amendment to the Constitution. He requests that we eliminate this requirement *442 from the statute and thereby allow the exemption for any individual who is conscientiously opposed to the benefits of public insurance, and who is a member of a group which makes provision for its dependent members. We decline to do so. In Palmer v. Commissioner,52 T.C. 310 (1969), the petitioners there raised the identical argument, asserting that the exemption provision was unconstitutionally narrow in scope since it extended a right or privilege to certain individuals with a particular religious belief only when they were members of a sect recognized as a body to have the same belief. 52 T.C. at 312. There we stated: The limitation by Congress of the exemption to members of religious sects with established tenets opposed to insurance and which made reasonable provisions for their dependent members was in keeping with the overall welfare purpose of the Social Security Act. This provision provided assurance that those qualifying for the exemption would be otherwise provided for in the event of their dependency. Congress could reasonably conclude that individuals on their own could not be relied upon to make such provision. "No well-ordered *443 society can leave to the individuals an absolute right to make final decisions, unassailable by the State, as to everything they will or will not do." Board of Education v. Barnette,319 U.S. 624, 643 (1943). Congress has great latitude in formulating classifications within a taxing statute. Abney v. Campbell,206 F. 2d 836 (C.A. 5, 1953). We cannot say that this particular classification was so arbitrary as to be violative of due process of law. n5/ [Footnote omitted.] Although only some members of certain religious sects fall within the terms of the exemption, we find no violation of the establishment clause of the first amendment. The Draft Act of 1917, 40 Stat. 76, granted exemptions to conscientious objectors who were affiliated with a "well-organized religious sect or organization * * * [then] organized and existing and whose existing creed or principles * * * [forbade] its members to participate in war in any form." These provisions were held constitutional over the argument, among others, that they tended toward the establishment of religion. Selective Draft Law Cases,245 U.S. 366 (1918). In any legislative *444 accommodation of religion there is an inherent balancing of the interests represented by the "free exercise" and the "establishment" clauses of the first amendment. See the concurring opinion of Mr. Justice Stewart in Sherbert v. Verner, 374 U.S. at 413. We cannot say that the balance struck by Congress in enacting the exemption clause here in controversy is constitutionally impermissible. Petitioner apparently was unaware of our decision in Palmer and does not attempt to distinguish the case. We perceive no distinction. We therefore reject petitioner's contention that the exemption violates the First Amendment of the Constitution. [3] See also Henson v. Commissioner,66 T.C. 835 (1976). *445 In light of this conclusion and petitioner's failure to establish that he meets the requirements of section 1402(h), we hold that petitioner is liable for the tax on self-employment income under sections 1401 and 1402. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. Currently section 1402(g).↩
3. Petitioner also contends that the fact that he paid premiums for liability insurance to a private commercial insurance company does not preclude his entitlement to an exemption from the payment of self-employment taxes. In support of his contention petitioner argues that his purchase of private insurance does not materially differ from the practice of various religious sects of providing for their dependent members. Petitioner's contention is falsely premised on the assumption that the classifications established in section 1402(h) are unconstitutionally narrow and that he would be eligible for the exemption but for the fact that he paid $532 to a private commercial insurance company for disability insurance. Because we found that the exemption is not unconstitutional, we need not reach the merits of this contention.↩