JOY DOWAYNE JACKSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jackson v. Commissioner
Docket Nos. 10542-76; 8867-78.
United States Tax Court
T.C. Memo 1979-520; 1979 Tax Ct. Memo LEXIS 3; 39 T.C.M. (CCH) 805; T.C.M. (RIA) 79520; December 31, 1979, Filed *3 (1) Based on her membership in the Church of Christ, Scientist, P applied for exemption from the self-employment tax under sec. 1402(g), I.R.C. 1954, relating to members of certain religious faiths. IRS denied her application. Held, P did not qualify for the exemptions since she failed to prove that her church satisfies the requirements of sec. 1402(g)(1)(C) and (D), relating to opposition to a private or public insurance program and the provision of alternative care for its members. Held, further, P does not qualify for exemption under sec. 1402(e), since she failed to apply for it. (2) P claimed an overpayment in income taxes for 1965, a year for which no deficiency notice has been issued. Held, the Tax Court is without jurisdiction to consider the claim. Sec. 6214(b), I.R.C. 1954. Joy Dowayne Jackson, pro se. John W. Dierker, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioner's Federal income taxes of $392.72 for 1973, $569.99 for 1974, and $1,050.37 for 1976. The issue for decision is whether the petitioner is entitled to exexption from the self employment tax because of her religious beliefs. She has also made an unrelated claim for an overpayment for a year for which no deficiency has been determined. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Joy Dowayne Jackson, resided in Dallas, Tex., when *6 she filed her petitions in this case. She filed her individual Federal income tax returns for 1965, 1973, 1974, and 1976 with the Internal Revenue Service.
The petitioner received self-employment income, within the meaning of section 1402(b) of the Internal Revenue Code of 1954, [1] of $4,321.54 in 1973, $8,419.00 in 1974, and $13,295.00 in 1976. However, she paid no tax under section 1401 with respect to such income. Upon the audit of her returns by the Internal Revenue Service, the petitioner first learned of the exemption from the self-employment tax authorized by section 1402(g). Thereupon, she applied for the exemption on the basis of her membership in The First Church of Christ, Scientist, in Boston, Mass., and the Fifth Church of Christ, Scientist, in Dallas, Tex. Her application was disapproved by IRS. The IRS *7 received a ruling from the Department of Health, Education, and Welfare (HEW), Social Security Administration, BRSI--Coverage Branch, which stated, in part: Based on the information furnished by Lee Mitchell, of the Christian Science Committee on publication for Texas criteria (3) and (4) are not met. Lee Mitchell has indicated that the tenets and teachings of the Fifth Church of Christ, Scientist do not oppose the acceptance of benefits of insurance (including social security) of the type specified in Section 1402(g)(1) of the Internal Revenue Code nor is it a practice of his church to provide for their dependent members. It is, therefore, determined that Fifth Church of Christ, Scientist does not meet the requirements of Section 1402(g)(1) of the Internal Revenue Code. The petitioner made no other application for exemption from the tax on self-employment income. The Church of Christ, Scientist, has been in existence at all times since December 31, 1950, and for many years before that. An adherent of the church's teachings, the petitioner earnestly believes that those teachings disapprove of the acceptance of public or private *8 insurance benefits, such as old-age or retirement annuities or medical assistance. However, she admits that the church takes no official position with respect to the acceptance of such benefits. In notices of deficiencies, the Commissioner determined that the petitioner was liable for the self-employment tas for the years 1973, 1974, and 1976. The petitioner disputes her liability for such tax and claims an overpayment for the year 1965. OPINION The principal issue for decision is whether the petitioner is liable for the self-employment tax. She claims to be exempt from such tax under either section 1402(e) or (g). Section 1402(e) provides an exemption from such tax for ordained ministers and Christian Science practitioners, among others. However, to qualify for exemption, the taxpayer must file an application. Since the petitioner has not filed such an application, it is clear that she does not qualify for exemption from self-employment tax under section 1402(e). Section 1402(g)(1) provides another exemption from the self-employment tax; in relevant part, it states: (1) Exemption.--Any individual may file an application * * * for an exemption from the tax imposed *9 by thir chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemptio may be granted only if the application contains or is accompanied by-- (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, and Welfare *10 finds that-- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950. * * *
The petitioner has referred to many of the statements of principle of the Christian Science teachings and argues that under such principles, it is improper for a member of her religion to participate in a retirement program like the Social Security system. She also maintains that the church does take care of its older members. However, HEW ruled that her church does not satisfy the conditions described in section 1402(g)(1)(C) and (D). To prevail in this proceeding, the petitioner has the burden of proving such determination was improper.Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). The petitioner has furnished no *11 evidence or other reason for rejecting the ruling of HEW. In fact, at trial, she unambiguously stated that her church maintains no official position on the acceptance of public or private insurance benefits. She said, "The decision whether or not to elect such coverage continues to be one for individual determination." Thus, in essence, this situation is similar to that involved in Palmer v. Commissioner, 52 T.C. 310 (1969). There, because the Seventh Day Adventist Church had "taken no official action in opposing the life insurance aspects of the Social Security Act," all parties agreed that the petitioners did not fall within the terms of section 1402(g). 52 T.C. at 311-312. Moreover, although the petitioner claims that her church satisfies the condition of section 1402 (g)(1)(D), she furnished no detailed information with respect to the facilities or benefits provided by the church. For these reasons, we hold that the petitioner has failed to carry her burden of proving that she qualifies for exemption from the self-employment tax under section 1402(g)(1). The remaining issue concerns the petitioner's claim for an overpayment for 1965. Because *12 a notice of deficiency was not issued to the petitioner for 1965, we are without jurisdiction to consider her claim for a refund for that year. Sec. 6214(b); Rule 13, Tax Court Rules of Practice and Procedure.
Decisions will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue. However, sec. 1402(h) has been redesignated as sec. 1402(g)↩, and since the provision bore the latter designation when the petitioner made her application under it, we shall refer to the provision by its present designation.