C. THOMAS WALKER, JR. and SHARON M. WALKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walker v. Commissioner
Docket No. 16818-79.
United States Tax Court
T.C. Memo 1981-710; 1981 Tax Ct. Memo LEXIS 29; 43 T.C.M. (CCH) 104; T.C.M. (RIA) 81710; December 17, 1981. C. Thomas Walker, Jr., pro se. Howard Philip Newman, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the tax year ending December 31, 1977, in the amount of $ 1,229.43. Due to concessions by the respondent the issues remaining for decision are: (1) whether the tax on self-employment income imposed by sections 1401-1403 [1] is constitutional; and (2) whether petitioners paid certain rental expenses before the end of the tax year. *31 FINDINGS OF FACT Some of the facts have been stipulated. The stipulation and the attached exhibits are incorporated herein by reference. Petitioners resided in Lancaster, Pennsylvania, at the time the petition in this case was filed. Petitioner C. Thomas Walker, Jr. was employed as a salesman in 1977. Petitioner Sharon M. Walker was employed as a secretary in 1977. Petitioners did not file an application for exemption from the tax on self-employment income pursuant to section 1402(e) or section 1402(g). Petitioners are not ministers or members of a religious organization described in section 1402(e) or section 1402(g). Petitioners were not members of a group which provided for the welfare of its dependent members. Petitioners assert a conscientious objection to participation in the Social Security system. The objection is based on non-religious grounds. Petitioner C. Thomas Walker, Jr., paid the January, 1978, rent for his business office with $ 65 check dated December 31, 1977. This check was paid by the bank on which it was drawn on February 6, 1978. In each month, except August, during 1977, petitioner C. Thomas Walker, Jr., paid his business rent with *32 checks dated between the 9th and 12th of the relevant month. These checks were paid by the bank within a 3 to 16 day period after the date on the check. No evidence was introduced concerning the payment of the August, 1977, rental. Petitioner C. Thomas Walker, Jr., did not deliver the check dated December 31, 1977, to his landlord before the end of 1977. OPINION Constitutionality of the Tax on Self-Employment Income
Petitioners conceded at trial that they are liable under the statutory requirements for the tax on self-employment income. Petitioners contend, however, that this tax is unconstitutional. Petitioners make two constitutional arguments: (1) the tax unconstitutionally restricts their freedom of choice by requiring participation in the Social Security system; and (2) section 1402(g) unconstitutionally discriminates by permitting an exclusion for conscientious objections based on religious beliefs while disallowing an exclusion for conscientious objections based on non-religious grounds. [2]
*33 Petitioners first argue that Congress exceeded its authority in compelling participation in the Social Security system. We rejected a similar argument in Palmer v. Commissioner, 52 T.C. 310 (1969), where the taxpayers, for religious reasons, objected to participation in insurance programs. [3] In Palmer, we held that Congress can compel participation in the Social Security system. We noted that "[n]o well-ordered society can leave to the individuals an absolute right to make final decisions, unassailable by the State, as to everything they will or will not do." 52 T.C. at 314 [citing Board of Education v. Barnette, 319 U.S. 624, 643 (1943)]. We see no reason to change our prior holding and, thus, we find petitioners' initial constitutional challenge to be meritless. Second petitioners assert that the tax on self-employment income unconstitutionally discriminates by permitting a section 1402(g) exemption from tax liability for conscientious objections based on religious *34 beliefs while denying an exemption from liability for conscientious objections based on non-religious grounds. [4] We do not have to decide this question because petitioners would not be entitled to a section 1402(g) exemption even if we accepted their contention. See Randolph v. Commissioner, 74 T.C. 284, 291 (1980). *35 Taxpayers must satisfy at least two requirements to get the section 1402(g) exemption: (1) the taxpayer must be a member of a recognized religious organization with established tenets opposed to insurance; and (2) the group must provide its own means to secure the welfare of its members. Petitioners do not satisfy the second requirement because they introduced no evidence to show that they were members of a group which provided an alternative welfare system. [5]
*36 Because of their failure to satisfy the second requirement of section 1402(g), petitioners would not have received the exemption regardless of the nature of their conscientious objection. Therefore, we do not have to consider petitioners' challenge concerning the classification contained in the first requirement of section 1402(g). Accordingly, we hold that petitioners are liable for the tax on self-employment income in the amounts determined by respondent. Payment of Business Rent
Petitioner C. Thomas Walker, Jr., (hereinafter "Walker") paid the January, 1978, rent for his business office with a $ 65 check dated December 31, 1977. The only question for our decision is whether the rent was "paid" in 1977. [6]
If an expenditure is made by check, then it is considered paid, for tax purposes, in the year in which the check is delivered, provided the bank on which it is drawn honors the check. *37 Estate of Spiegel v. Commissioner, 12 T.C. 524 (1949). [7]
Petitioners, of course, must prove that the check was delivered in 1977. Smith's Estate v. Commissioner, 208 F.2d 349 (3d Cir. 1953), affg. on this issue a Memorandum Opinion of this Court; Rule 142(a). Petitioners failed to satisfy the burden of proof on this issue. Walker testified at trial that he wrote the check on December 31, 1977, and delivered it personally to his land-lord's office on that day. We are not convinced, however, that this testimony is credible. [8]
*38 In each month, except August, during 1977, Walker paid the office rental with checks dated between the 9th and the 12th of the month. [9] These checks were paid by the bank within a 3 to 16 day period following the date on the check. The check at issue in this case was not paid by the bank until February 6, 1978, 37 days after the alleged delivery. This disparately long period prior to payment by the bank, when compared with prior practice by these same parties, raises the inference that the check was not delivered in 1977. In these circumstances, petitioners must do more than merely testify themselves to convince us that the check was delivered on December 31, 1977. Petitioners' failure to introduce evidence that the rent check was in a sequence of checks which were made at the end of 1977, or to introduce testimony by the landlord that the check was delivered prior to 1978, does not help petitioners in this case. After carefully considering the evidence contained in this record, we hold that petitioners failed to satisfy the burden of proof on this issue. Decision will be entered under *39 Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 in effect for the year in question. Similarly, unless otherwise indicated, any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners, in their brief, cite the Fourth and Fourteenth Amendments of the Constitution as authority for their position. Petitioners' arguments, however, are rooted in other provisions of the Constitution. Petitioners first argue that Congress lacks the authority to require mandatory participation in the Social Security system. Thus, petitioners argue, application of the tax on self-employment income violates due process of law. Petitioners second argue that the Congressional classification in section 1402(g) violates the equal protection principle. Although the equal protection clause of the Fourteenth Amendment applies only to actions by state governments, the due process clause of the Fifth Amendment requires the Federal government to observe the requirements of equal protection of the law. Bolling v. Sharpe, 347 U.S. 497 (1954). Petitioners made it clear in their trial memorandum and at trial that they assert all relevant constitutional provisions to support their arguments. We will, therefore, consider petitioners' arguments although they failed to cite specifically the Fifth Amendment↩.
3. We reaffirmed the holding of Palmer v. Commissioner, 52 T.C. 310 (1969), in Henson v. Commissioner, 66 T.C. 835↩ (1976).
4. The relevant portions of section 1402(g) state: (g) MEMBERS OF CERTAIN RELIGIOUS FAITHS.-- (1) EXEMPTION.--Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by-- (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the proceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, and Welfare finds that-- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950. An exemption may not be granted to any individual if any benefit or other payment referred to in subparagraph (B) became payable (or, but for section 203 or 222(b) of the Social Security Act, would have become payable) at or before the time of the filling of such waiver.↩
5. In Palmer v. Commissioner, supra, we held that this second requirement for the exemption was constitutional. In Palmer we said: The limitation by Congress of the exemption to members of religious sects with established tenets opposed to insurance and which made reasonable provisions for their dependent members was in keeping with the overall welfare purpose of the Social Security Act. This provision provided assurance that those qualifying for the exemption would be otherwise provided for in the event of their dependency. Congress could reasonably conclude that individuals on their own could not be relied upon to make such provision. "No well-ordered society can leave to the individuals an absolute right to make final decisions, unassailable by the State, as to everything they will or will not do." Board of Education v. Barnette, 319 U.S. 624, 643 (1943). Congress has great latitude in formulating classifications within a taxing statute. Abney v. Campbell, 206 F.2d 836 (C.A. 5, 1953). We cannot say that this particular classification was so arbitrary as to be violative of due process of law. [52 T.C. at 314↩.]
6. The parties agree that if the rent was paid in 1977, then the petitioners may deduct the $ 65 amount in 1977. Thus, we do not have to decide if the expense was a deductible item, see sec. 162, or if the deduction in 1977, clearly reflects petitioners' income, see sec. 446(b).↩
7. See also Christie v. Commissioner, T.C. Memo. 1980-64↩.
8. At trial the Court asked Walker what day of the week he delivered the check. The transcript shows the witnesses' response to be: "Well, it wasn't Saturday." We take judicial notice of the fact that December 31, 1977, was a Saturday. Rule 201, Federal Rules of Evidence.↩ Respondent asks us to find Walker's testimony patently incredible and to disregard it totally. Petitioners, in their reply brief, assert that the transcript errs. They claim that Walker said "Well, it was Saturday." The tape, they say, supports their claim. We do not have to decide what Walker truly said. Even if he said "it was Saturday," petitioners fail to carry their burden of proof.
9. No evidence was introduced concerning payment of the August, 1977, rental.↩