CARL AND FLOY M. STEVENSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stevenson v. Commissioner
Docket No. 437-88
United States Tax Court
T.C. Memo 1989-357; 1989 Tax Ct. Memo LEXIS 356; 57 T.C.M. (CCH) 1032; T.C.M. (RIA) 89357; July 24, 1989
Carl and Floy M. Stevenson, pro se. Emile L. Herbert, III, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount *357 of $ 1,979.72 in petitioners' tax on self-employment income for 1984. The issue to be decided is whether petitioners' income from the rental of portable advertising signs is subject to taxation under section 1401(a)[1] as self-employment income. All of the facts are stipulated. At the time the petition was filed, Carl and Floy M. Stevenson, petitioners, were legal residents of Monroe, Louisiana. For 1984, they filed a joint individual income tax return with the Internal Revenue Service Center at Austin, Texas. For convenience, Carl Stevenson will be referred to as petitioner. From 1978 through 1983, petitioner operated a sole proprietorship known as Marquis Sign Company (Marquis) which engaged in the sale and rental of portable advertising signs and the sale of supplies related thereto. In 1983, petitioner began operating a successor entity under the name Action Sign Company (Action). Petitioner operated Action during 1984, the year before the Court, *358 selling and renting portable advertising signs and selling related supplies. During 1984, petitioner operated Action as a one-person business. He purchased portable advertising signs for rental or resale. He received all telephone orders for both the sale and rental of such signs and the sale of related supplies. He maintained a bank account for the deposit of receipts from sales and rentals. He kept records, a cash receipts and a disbursements journal, in which he recorded receipts and expenses related to the sale and rental of signs and related supplies. He also personally arranged for advertisements in the Yellow Pages Directory, in local newspapers, and on portable signs placed on vacant lots. During 1984, petitioner personally assembled and stored at a rented warehouse all new portable signs that he purchased. In this warehouse, he also stored all previously used portable signs, repaired them, and held them for subsequent rental or sale. When a customer arranged for the purchase or rental of a sign, petitioner personally delivered it. He also maintained all signs which were rented, held for rental, or sold. Petitioner purchased and obtained all required licenses, *359 permits and other operating certificates from local governmental entities. He also formulated and implemented marketing plans for both the sale and rental of the portable signs. Seventy-two percent of petitioner's gross receipts from this activity was generated by the rental of the portable advertising signs. Section 1401(a) imposes a tax on "self-employment income." Section 1402(b) defines "self-employment income" to mean the "net earnings from self-employment derived by an individual * * * during any taxable year" subject to certain exclusions not here relevant. Section 1402(a) defines "net earnings from self-employment" to mean, among other items, "the gross income derived by an individual from any trade or business carried on by such individual" less allowable deductions. Excluded from "net earnings from self-employment" by section 1402(a)(1) are "rentals from real estate and from personal property leased with the real estate * * *." Petitioner contends, if we understand his position, that the income he received from his portable sign activity was rental investment income which, *360 in his view, is excluded from self-employment income. The language in section 1402(a)(1) excluding rentals from real estate and personal property leased with real estate, he argues, does not describe all of the exclusions for rental income. Rather, he contends, the rentals described in that exclusion are only illustrative of the general exclusion of rental investment income and that most rental income is excluded. We hold for respondent. The concept of "net earnings from self-employment" used in section 1402(a) provides the standard for determining not only liability for self-employment taxes but also eligibility for social security benefits. 42 U.S.C. secs. 403(b), 411(a) and 411(b) (1982). The statute defining eligibility for benefits contains language almost identical with that in section 1402(a). 42 U.S.C. sec. 411(a) (1982). The two sets of statutes should be construed to promote "a symmetrical parallel between the social security eligibility provisions for self-employed persons and the corresponding income tax provisions for taxing *361 self-employed persons for social security purposes * * *." Johnson v. Commissioner, 60 T.C. 829, 833 (1973); see Palmer v. Commissioner, 52 T.C. 310, 314 (1969). In order to achieve the congressional policy of insuring that the optimum number of potentially eligible persons will be provided for under the social security provisions, exceptions from the tax are to be narrowly construed. Johnson v. Commissioner, supra at 833; Estate of Ellsasser v. Commissioner, 61 T.C. 241, 247 (1973). The stipulated facts show that petitioner's rental and sale of advertising signs and the sale of related supplies was a trade or business, and net earnings from any trade or business are self-employment income under the definition in section 1402(a). Petitioner carried on this activity with a profit objective. Dreicer v. Commissioner, 78 T.C. 642, 646 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Schedule C of his tax return for 1984 shows gross receipts of $ 18,657 from this source and cost of goods sold of $ 11,194. Petitioner advertised in the Yellow Pages Directory, newspapers *362 and on portable signs the goods and services he was prepared to provide to the public. His work in buying, assembling, storing, renting, selling, repairing and maintaining the portable signs required him to devote a substantial amount of time on a regular and continuous basis. See Commissioner v. Groetzinger, 480 U.S. 23 (1987). As income derived from a regular, continuous, and profit-motivated activity in which customary services were provided, his earnings fall within the section 1402(a) definition of "net earnings from self-employment." See Johnson v. Commissioner, 60 T.C. at 833. Petitioner's expansive reading of the exclusion in section 1402(a) for "rentals from real estate and from personal property leased with the real estate" cannot be sustained. The section 1402(a)(1) language authorizing the exclusion provides no ground for petitioner's broad position that rental income, even if produced in large part by personal services, is not self-employment income. Petitioner's position, moreover, is inconsistent with the principle that exceptions to coverage of the section are to be narrowly construed. Johnson v. Commissioner, 60 T.C. at 833. *363 In Delno v. Celebrezze, 347 F.2d 159 (9th Cir. 1965), involving the parallel provision of 42 U.S.C. sec. 411(a), the Court explained that Congress realized that the income of self-employed persons is in most instances a combination of income from both labor and invested capital, and deliberately chose not to attempt the difficult, if not impossible, task of separating one from the other. The court (347 F.2d at 163) explained the exclusion for rentals as follows: The Committee reports accompanying the bill which included section 211(a)(1) of the Act make it clear that not all payments which might be considered "rent" in ordinary parlance are to be excluded from self-employment net income. * * * The apparent intent of Congress was that section 211(a)(1) [42 U.S.C. sec. 411(a)] should be applied to exclude only payments for use of space, and, by implication, such services as are required to maintain the space in condition for occupancy. If the owner performs additional services of such substantial nature *364 that compensation for them can be said to constitute a material part of the payment made by the tenant, the "rent" received then consists in part of income attributable to the performance of labor which is not incidental to the realization of return from passive investment. In such circumstances, the entire payment is to be included in computing the recipient's "net earnings from self-employment." [Emphasis added.] Petitioner's income from his portable sign business does not fall within the exclusion as here explained by the Court. It is thus taxable under section 1401(a). Petitioner relies upon an excerpt from a document entitled Recommendations for Social Security Legislation, The Reports of The Advisory Council on Social Security to the Senate Committee on Finance (1949). The reports, proposing self-employment taxes and parallel benefits, suggests, at pp. 15-16, the exclusion of "certain types of income which are obviously not work-connected, such as dividends, interest, annuities, capital gains and losses, and some types such as rental income from real property that largely arise from capital investment." Petitioner argues that although the only rental income referred *365 to specifically is that derived from real property, the implication is that other rental income was intended to be excluded in computing self-employment income. This language from the reports is not inconsistent with the language of section 1402(a)(1). However, the issuance of the reports preceded the enactment of the Social Security Act Amendments of 1950, Pub. L. No. 81-734, 64 Stat. 477, 561 and the related self-employment provisions, by approximately one year. The reports discuss, among other things, the general policy of taxing self-employment income and providing benefits for the self-employed. They do not deal with the specific language ultimately considered and enacted by the Congress. On a detail as specific as the meaning of the section 1402(a)(1) exclusion for "rentals from real estate and from personal property leased with the real estate," the reports provide no reliable guidance as to what was intended by the legislation ultimately adopted. The reports do not support petitioner's claimed exclusion. We hold that petitioner's income from his business of renting and selling portable advertising signs and selling related supplies is self-employment income within the *366 meaning of sections 1401(a) and 1402(a) and (b). Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩