T.C. Memo. 1996-135

UNITED STATES TAX COURT

DEAN W. AND TAMMY R. MAY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9607-94.                      Filed March 19, 1996.

Dean W. May, pro se.

<u>Diane L. Worland</u>, for respondent.

MEMORANDUM OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined deficiencies in petitioners' 1990 and 1991 Federal income taxes in the amounts of $3,190 and $2,941, respectively. The issues for decision are: (1) Whether petitioners are entitled to trade or business expense deductions for payments to religious organizations made during the years 1990 and 1991; and (2) whether the self-employment tax imposed by section 1401 is applicable to the earnings from Dean W. May's piano service and sales business for the years in issue.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. During the years in issue, petitioners were husband and wife and filed joint Federal income tax returns. At the time the petition was filed, petitioners resided in Terre Haute, Indiana. References to petitioner are to Dean W. May.

## Background

During the years 1990 and 1991 petitioners were members of the Maryland Community Church, an interdenominational church in Terre Haute, Indiana. Also during 1990, petitioners were members of Sugar Creek Baptist Church in Indianapolis, Indiana. Petitioners made payments to the Maryland Community Church in the amounts of $2,220 and $3,545 in 1990 and 1991, respectively. Petitioners also made payments to Sugar Creek Baptist Church in the amount of $1,383 in 1990.

During the years in issue, petitioner operated a piano service and sales business. Petitioner has been self-employed in this business since 1990 and has been self-employed in other unidentified businesses since 1983. Petitioner reported the income and expenses attributable to his piano service and sales business on Schedules C for the years in issue. For each year, along with other business expense deductions not in dispute, petitioner deducted as "other expenses" the payments made to the aforementioned religious organizations. Although petitioner reported net profit on his Schedules C for 1990 and 1991, petitioner did not file a Schedule SE, Computation of Social Security Self-Employment Tax, or pay self-employment tax on the amount of net profit earned from the business for either year.

On January 6, 1992, petitioner completed a Form 4029, Application for Exemption from Tax on Self-employment Income and Waiver of Benefits, and forwarded it to the Internal Revenue Service. On the Form 4029 petitioner stated, in part:

> I certify that I am and continuously have been a member of Church of Jesus Christ, Terre Haute, Indiana, since 20 Feb 1977 and as a follower of the established teachings of that group, I am conscientiously opposed to accept any benefits of any private or public insurance that makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care. Public insurance includes any insurance system established by the Social Security Act.

Petitioner's application for exemption was denied by respondent on September 20, 1994.

## Discussion

### 1. Business Expense Deductions

As stated, petitioners claimed deductions for payments to religious organizations on their Schedules C for the years 1990 and 1991. Respondent disallowed the deductions upon the ground that petitioners failed to establish that the payments were ordinary and necessary business expenses.

Respondent's determinations are presumed correct, and petitioners bear the burden of proving that such determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Furthermore, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra.

In general, section 162(a) provides a deduction for all ordinary and necessary expenses paid or incurred by a taxpayer during the taxable year in carrying on a trade or business. As used in section 162(a), "ordinary" has been defined as that which is "normal, usual, or customary" in the taxpayer's trade or business. Deputy v. DuPont, 308 U.S. 488, 495 (1940). "Necessary" has been construed to mean "appropriate" or "helpful"

in the development of the taxpayer's business.    Welch v. Helvering, supra.

Petitioner did not adequately explain why the payments were appropriate or helpful to his business, or how he expected them to produce commensurate benefits for his business, and we fail to see how such payments could be considered normal, usual, or customary in the operation of a piano service and sales business. Because petitioners have failed to establish that the payments were ordinary and necessary business expenses within the meaning of section 162(a), respondent's adjustment disallowing the business deduction for each year is sustained.[2]

## 2. Self-Employment Tax

In addition to other taxes, section 1401 imposes a tax on the self-employment income of an individual.  With the exception of circumstances not present here, section 1402(b) defines self-employment income as net earnings from self-employment derived by an individual.  Sec. 1402(b)(2).  The term "net earnings from

---

[2]In the computation of the deficiencies, respondent allowed the payments in dispute as charitable contribution deductions pursuant to sec. 170.  The provisions of sec. 162(b) and sec. 1.162-15(a), Income Tax Regs. (which deny deductions under sec. 162(a) for contributions deductible under sec. 170), however, were not relied upon by respondent in her notice of deficiency or in her brief.  Consequently, we did not directly consider the applicability of those sections.  Other than respondent's recharacterization, the record is insufficient to allow for an independent determination of whether the payments in dispute constituted charitable contributions within the meaning of secs. 162(b) and 170.  For a discussion on this point, see Marquis v. Commissioner, 49 T.C. 695 (1968).

self-employment" means gross income derived by an individual from any trade or business carried on by such individual, less allowed deductions attributable to such trade or business.  Sec. 1402(a).  Petitioner agrees that but for his religious convictions, the income earned in connection with his piano service and sales business would be subject to self-employment tax.  Petitioner argues, however, that he is exempt from self-employment tax based upon his religious beliefs.

Section 1402(g) provides an exemption from payment of the self-employment tax to taxpayers conscientiously opposed to accepting the benefits of any private or public insurance on religious grounds if certain requirements are met.[3]  Among these

---

[3]Sec. 1402(g) provides:
(1) Exemption.--Any individual may file an application * * * for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act).  Such exemption may be granted only if the application contains or is accompanied by--

> (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence, and

(continued...)

requirements, the taxpayer seeking an exemption must be a member of a recognized religious sect or division thereof and must adhere to the sect's or division's established tenets or teachings that promote opposition to acceptance of the benefits of private or public insurance.  Taxpayers seeking the exemption must file a Form 4029 with the Internal Revenue Service.  Sec. 1.1402(h)-1(b), Income Tax Regs.  Petitioners bear the burden of proving their entitlement to the exemption.  Rule 142(a).

---

[3](...continued)

> (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person,

and only if the Secretary of Health and Human Services finds that--

> (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence,

> (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and

> (E) such sect or division thereof has been in existence at all times since December 31, 1950.

The Form 4029 prepared by petitioner and filed with the Internal Revenue Service represented that petitioner had continuously been a member of the Church of Jesus Christ since 1977, and that as a follower of the established teachings of that organization, he conscientiously opposed being covered under private or public insurance programs. At trial, however, petitioner admitted that the Church of Jesus Christ did not exist and that the reference to the organization related to a theoretical collection of churches that adhere to basic tenets of the Christian faith. Petitioner argues that he should be exempt from self-employment tax based on his belief that "the philosophy of the social security system is diametrically opposed to the faith that [he] participate[s] in" whether or not he belongs to a recognized religious sect described in section 1402(g).

The exemption provided by section 1402(g) is narrowly drawn, however, and applies only to individuals who are members of a "recognized religious sect or division thereof" and who are "[adherents] of established tenets or teachings of such sect or division by reason of which [they are] conscientiously opposed to acceptance of the benefits of any private or public insurance" as outlined in the statute. Petitioner has presented no evidence that he is a member of a recognized religious sect, the tenets or teachings of which are opposed to private or public insurance programs. Petitioner's personal religious beliefs, as sincere as they might be, are not a substitute for the requirements of the

statute. Hughes v. Commissioner, 81 T.C. 683 (1983); Palmer v. Commissioner, 52 T.C. 310 (1969); Stradley v. Commissioner, T.C. Memo. 1986-424. It is clear the petitioner does not come within the provisions of section 1402(g).

Petitioner next argues that the denial of the exemption from self-employment tax represents an attempt to regulate his religious beliefs in violation of the First Amendment. Specifically, petitioner argues the following:

> Other religious groups have been granted exemption. To
> deny me that same exemption would effectively establish
> a class of religious people that enjoy privileges of
> the federal government unattainable by others. That is
> the establishment of one religion more favored than
> others. The First Amendment of the Constitution
> forbids the government from this kind of practice.

On several occasions this Court and other Courts have considered similar arguments and found them to be without merit. Droz v. Commissioner, 48 F.3d 1120 (9th Cir. 1995), affg. an Oral Opinion of this Court; Randolph v. Commissioner, 74 T.C. 284 (1980); Henson v. Commissioner, 66 T.C. 835 (1976); Palmer v. Commissioner, 52 T.C. 310 (1969); Grieve v. Commissioner, T.C. Memo. 1986-453. We can find nothing in the instant case to distinguish it from the above cases. Accordingly, we find the reasoning of those opinions to be dispositive of this argument. The denial of exemption from self-employment tax is not in violation of petitioner's First Amendment rights. Thus, we sustain respondent's determination that petitioners are liable for self-employment tax for the years in issue.

To reflect the foregoing,

Decision will be entered

for respondent.